IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADDELYN L., by and through her parents, STEVAN L. and AIMEE L., both of Downingtown, PA 19335 | : : : : | |
| and | : : | |
| STEVAN L. and AIMEE L., individually, and on their own behalf<br>    Plaintiffs | : : : : | Civil Action |
| v. | : : | No. |
| DOWNINGTOWN AREA SCHOOL DISTRICT 540 Trestle Place Downingtown, PA 19335<br>    Defendant | : : : : : | |

**COMPLAINT**

**I.    Introduction**

1.    Addelyn L. ("Addelyn"), a minor child with disabilities, and her parents, Stevan L. and Aimee L. ("Parents") (collectively "Plaintiffs" or "Family"), bring this action to recover reasonable attorney's fees and costs as the prevailing party in a Pennsylvania special education due process hearing. The Hearing Officer, in the Decision and Order, agreed with the Family that Addelyn is a student with a disability who remains eligible for and requires an Individualized Education Program ("IEP") to provide specially designed instruction and related services.

2.    Addelyn is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. She is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act of 1990 ("ADA"), 42

1

U.S.C. § 12101, *et seq.*, and their federal and state implementing regulations.

3. After an administrative due process hearing by the Pennsylvania Department of Education, a Pennsylvania Special Education Hearing Officer ("Hearing Officer") determined that the Defendant Downingtown Area School District ("Defendant" or the "District") incorrectly recommended to exit Addelyn from special education; the Hearing Officer ordered that Addelyn remain eligible and that an IEP meeting be held to develop an IEP for the 2025-26 school year. *A.L. v. Downingtown Area School District*, ODR No. 31059-24-25 KE (August 21, 2025) ("Decision") (attached, as redacted, as Exhibit A).

4. The Family successfully proved that Addelyn is a student in need of specially designed instruction and related services (i.e., a student who requires an IEP), which was the paramount issue in the due process hearing. Decision at 2, 31, 35.

5. The Hearing Officer directed that "[t]he student shall remain eligible under the terms of the [IDEA] as student who requires special education to address needs related to identified disabilities in reading comprehension, listening comprehension, and speech and language impairment" and ordered an IEP meeting to develop an IEP for the 2025-26 school year. *Id.* at 35.

## II.   Parties

6. Addelyn was born in 2008. She was and is at all relevant times a resident of the Defendant Downingtown Area School District.

7. Stevan L. and Aimee L. are Addelyn's parents with whom Addelyn resides within the geographic boundaries of the District.

8. The District is located at 540 Trestle Place, Downingtown, Pennsylvania 19335. The District is the recipient of several sources of federal funds and is a Local Educational Agency

("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code Chapters 14 and 15; 24 P.S. Chapter 13.

### III.    Jurisdiction and Venue

9. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA, Section 504, and the ADA which are laws of the United States.

10. The District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

11. The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a special education due process hearing.

12. The Family prevailed at the due process hearing when the Hearing Officer agreed with the Family that Addelyn remains eligible under IDEA. This was the paramount issue in the case.

13. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.517; 29 U.S.C. § 794a; and 42 U.S.C. § 12205, which permit plaintiffs to recover reasonable attorney's fees when they prevail in an action or proceeding; and 28 U.S.C. §§ 2201 & 2202, providing for declaratory and any further relief deemed necessary and proper.

### IV.    Facts Supporting Liability

14. Addelyn is a 17-year-old student identified under IDEA, as a child with Specific Learning Disabilities and Speech and Language Impairment.

15. Addelyn is also identified as a child with a disability under Section 504 and the ADA as a child with Specific Learning Disabilities and Speech and Language Impairment.

16. The Parent filed a Due Process Complaint on March 28, 2025, and requested a due process hearing to resolve a dispute relating to whether Addelyn remained eligible for special education and related services under IDEA. The District sought to exit Addelyn from such services. The Family argued that she remains eligible and that the District failed to appropriately evaluate and provide special education and related services to Addelyn in violation of IDEA and Section 504.

17. The Hearing Officer held a due process hearing on multiple dates in July and August 2025, which was held in-person at the request of the District.

18. On August 21, 2025, the Hearing Officer issued his Decision finding for the Family and granting declaratory and equitable relief to the Family.

19. The Hearing Officer's decision materially altered the legal relationship between the parties and, therefore, the Family is the prevailing party.

20. The Hearing Officer agreed with the Family that the District inappropriately sought to exit Addelyn from IDEA eligibility and that she continues to require an IEP. He ordered the Family's requested relief in the form of an IEP and continued eligibility. The Hearing Officer found for the District on the issue of whether Addelyn had been denied a Free Appropriate Public Education in the past while her previous IEPs were in place.

21. The Family is the prevailing party, having obtained substantive relief in the due process proceedings, which altered the legal relationship between the parties, and is entitled to an award of statutory attorney's fees and costs, including the time spent litigating the entitlement to

attorney's fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002); *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001) (even an award of nominal damages suffices for prevailing party status); *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 293 (3d Cir. 2016) (same).

22. Plaintiffs have attempted to resolve the issues raised in this Complaint; however, the Defendant has refused to pay reasonable prevailing party fees and costs.

23. The Family will file a motion for attorney's fees and costs, with a supporting brief and exhibits, at a date fixed by the Court.

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);

3. Award Plaintiffs reasonable attorney's fees and costs for counsel's representation before, during, and after the state administrative due process hearing; and for the present action, including, but not limited to, the litigation of an impending petition for attorney's fees and costs; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

/s/ Jacqueline C. Lembeck
Jacqueline C. Lembeck, Esquire
PA ID No. 314535
jlembeck@mcandrewslaw.com

/s/ Michael J. Connolly
Michael J. Connolly, Esquire
PA ID No. 82065
MConnolly@mcandrewslaw.com

/s/ Rachel Rosenberg
Rachel Rosenberg, Esquire
PA ID No. 322960
RRosenberg@mcandrewslaw.com


McANDREWS, MEHALICK, CONNOLLY,
HULSE and RYAN, P.C
30 Cassatt Avenue
Berwyn, PA 19312
O: (610) 648-9300
F: (610) 648-0433
Attorneys for Plaintiffs